JUDITH SCHMIDT, APPELLANT, v. NEW JERSEY DEPARTMENT OF INSTITUTIONS AND AGENCIES, DIVISION OF PUBLIC WELFARE AND THE PASSAIC COUNTY WELFARE BOARD, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted January 18, 1977—Decided February 8, 1977.

Before Judges LYNCH, MILMED and ANTELL.

*Mr. Philip S. Derfler,* Passaic County Legal Aid Society, attorney for appellant.

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent Department of Institutions and Agencies, Division of Public Welfare (*Ms. Erminie L. Conley,* Deputy Attorney General, of counsel; *Mr. Richard M. Hluchan,* Deputy Attorney General, on the brief).

*Mr. Ronald A. Breslow,* attorney for respondent Passaic County Welfare Board, filed a statement in lieu of brief.

The opinion of the court was delivered by

MILMED, J. A. D.  Judith Schmidt appeals from the fair hearing decision of the Division of Public Welfare (Division) in the Department of Institutions and Agencies (Department) affirming the action of the Passaic County Welfare Board (county board) reducing the amount of monthly assistance payment for her and her child under the program of Aid to Families with Dependent Children (AFDC) from $235 to $118.

Appellant and her child live alone in a house owned by her parents, on which her parents make monthly mortgage payments of $266. Appellant pays her parents rent for the premises in the amount of $125 each month. In March 1976 the county board contacted appellant's father, a legally responsible relative, N. J. S. A. 44:4–101, to determine his capacity to support his daughter. He was informed that his monthly contribution towards her support should be not less than $117.50.[1] The county board also determined that this obligation was met by the father's making of the monthly mortgage payments of $266 and reduced the monthly assistance payment to appellant to $118, effective April 1, 1976. The county board informed appellant that its determination was

* * * based upon the fact that your parents are paying the mortgage on your home and have an [sic] Legally Responsible Relative capacity of $117.00 and in accordance with ASSISTANCE STANDARDS HANDBOOK SECTION 431.1.

---

[1]The hearing officer who conducted the fair hearing for the Department in the matter noted in her report that based on information that the father's

* * * gross monthly income was over $1,820 for himself and his spouse, he was considered to have a capacity to support in the amount of $714 monthly. However, as his responsibility is limited to providing for the appellant's pro-rata share of the assistance grant, he was advised that his contribution should be no less than $117.50 (235 –:– 2).

Section 332.1(a) of the Assistance Standards Handbook (ASH) provides that "[o]nly the amount of support, whether in cash or in kind, actually being received by the eligible unit [from the legally responsible relative] shall be considered as *available income.*" ASH section 431.1, referred to by the county welfare board, reads:

When shelter is being provided by a legally responsible relative, who has a capacity to support; the actual cash value shall, whenever possible, be determined and recognized as unearned income to the eligible unit. Where the actual value cannot be established, monthly monetary values in Schedule VI, Section 335 c, shall be used.

Appellant requested a fair hearing to appeal the reduction in benefits. The hearing officer who heard the matter found and concluded, among other things, that

\* \* \* the appellant is paying a rental charge for her living quarters and this charge was in no way related to the agency's requirement that her father contribute toward her support.
Relative to the application of ASH 431.1 in this case, this regulation is applicable "when shelter is being provided by a legally responsible relative . . .". In this officer's opinion, the shelter is not being provided but is being rented for a fixed fee, and therefore this regulation is not relevant.

The hearing officer recommended that "the action to reduce assistance should be reversed," and that "the agency take the appropriate legal action to secure the required contribution." On review of the testimony presented at the hearing, the Director of the Division of Public Welfare found "that the action reducing assistance was properly based on Sec. 431.1 of the Assistance Standards Handbook," and that "appellant's father is meeting his responsibility to provide the appellant's pro-rata share of the assistance grant." He thereupon rejected the hearing officer's conclusion and affirmed the action of the county board reducing assistance.

Appellant appealed and we granted her motion to stay implementation of the Division's decision and direct the county board to provide her with the full amount of the

grant ($235 a month) pending determination of this appeal. In her affidavit in support of her motion for the stay appellant pointed out that the monthly rent for the one-family house in which she and her child live is $125; that on July 1, 1976 she received $118 from the county board; that before then the monthly payment was $235; that since her food stamps cost $44 she was unable to pay her rent, and that

> I have discussed my inability to pay my rent with my father, and he said it cannot go on. He said that he cannot afford not to receive any income from the house in which I reside; and that he will be forced to evict me if I do not start paying the rent soon.

From our review of the record submitted on this appeal we are thoroughly satisfied that the Director's findings are clearly mistaken ones and "so plainly unwarranted that the interests of justice demand intervention and correction * * *." *State v. Johnson,* 42 *N. J.* 146, 162 (1964). It is undisputed that appellant occupies the house which is owned by her parents and pays them a monthly rental therefor of $125. Section 431.1 of the Assistance Standards Handbook is clearly not applicable here. Rather, we conclude, as did the hearing officer in the case, that "the shelter is not being provided [by a legally responsible relative] but is being rented for a fixed fee * * *." No part of the mortgage payments made by appellant's father can be considered as income to the appellant.

The Department's reliance upon *Randall v. Goldmark,* 495 *F.* 2d 356 (1 Cir. 1974), *cert.* den. 419 *U. S.* 879, 95 *S. Ct.* 144, 42 *L. Ed.* 2d 119 (1974), is misplaced. There the house in which plaintiff and her children were residing was owned by plaintiff and her estranged husband as tenants by the entirety. The mortgage on the house required monthly payments of $184, $100 of which the husband was required to pay each month directly to the mortgagee, his payments being made pursuant to a state probate court separation decree. The court held that

> * * * to qualify as a currently available resource under the Act and regulation, it need only be shown that regular payments made

by third parties directly benefit an AFDC recipient in such a manner that they are actually used to defray expenses which such recipient would otherwise incur. [495 *F.* 2d at 361]

In light of the factual situation in that case, the court concluded that such a showing had been sufficiently made. It reasoned that

\* \* \* The mortgage payments made by plaintiff's spouse directly to the mortgagee, pursuant to the probate court decree, though insufficient to meet the required monthly amount, nonetheless directly benefit plaintiff by reducing her necessary housing costs. Such a resource is "current" in the sense that its continued payment is guaranteed and enforceable. And it is "available" in the sense that such sums do actually reduce expenses for which plaintiff would otherwise be liable. [at 361]

In the matter now before us appellant is not an owner of the house in which she and her child reside. She is a tenant, paying her parents, the owners, a monthly rent of $125. There has been no showing here that some part of the mortgage payments made by appellant's father is (a) "actually used to defray expenses which [appellant] would otherwise incur," or (b) an "available" resource in the sense that it does "actually reduce expenses for which [appellant] would otherwise be liable." In the circumstances, we discern no sound basis for the reduction in the monthly assistance payments for appellant and her child.

The decision of the Division under review is reversed. The matter is remanded to the Division which shall direct reinstatement of the full monthly assistance payment in effect prior to the reduction by the county board.[2]

---

[2] The local agency may then follow the recommendation of the hearing officer and "take the appropriate legal action to secure [from the legally responsible relatives] the required contribution."